UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| ASHTON LEIGH CHEEKS | ) | CASE: A25-58062-JWC |
| | ) | |
| | ) | |
| DEBTOR | ) | |

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com

2.

The proposed plan payment is insufficient to fund creditors and attorney fees pursuant to the set payments in the plan.

3.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

4.

The Debtor has failed to provide to the Trustee a copy of the 2024 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

5.

The Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors and was unable to provide sworn testimony as to the return as required by the United States Trustee. Therefore the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

6.

The Trustee requests proof of the Debtor's income and expenses from UBER, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

7.

The Debtor's proposed plan payment is $375.00. The Debtor's counsel proposes to be paid a monthly payment of $345.00 while proposing minimum initial payments to creditors. This disbursement schedule may not be fair and equitable to creditors and not in the best interest of the Debtor. 11 U.S.C. Section 1325(a)(3), General Order 42-2020.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 28th day of August, 2025.

Respectfully submitted,

/s/_____
Lisa B. Burnette
Attorney for the Chapter 13 Trustee
State Bar No. 096192

# CERTIFICATE OF SERVICE

Case No:  A25-58062-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

ASHTON LEIGH CHEEKS
2277 HAMPTON DR.
DECATUR, GA  30035

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE LAW OFFICE OF STANLEY J. KAKOL, JR.

This the 28th day of August, 2025.

/s/_____
Lisa B. Burnette
Attorney for the Chapter 13 Trustee
State Bar No. 096192
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201